UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                      CASE NO. 8:24-cr-244-TPB-TGW

SHMAR ARMEZE GENTLE

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant United States Attorney, submits this sentencing memorandum and asks the Court to hand down a guidelines sentence in this case.

## I.    PROCEDURAL BACKGROUND

On June 5, 2024, a federal grand jury returned a one-count indictment charging Shmar Armeze Gentle ("Gentle") with possessing a firearm and ammunition after having been convicted of a felony. Doc. 1. On November 14, 2024, Gentle was detained pending trial. Doc. 20.  On June 25, 2025, Gentle pleaded guilty. Doc. 50. The Court accepted Gentle's plea on July 8, 2025. Doc. 51.  Sentencing is scheduled for October 8, 2025.

## II.    FACTS

On March 29, 2022, HCSO Corporal Jason Himmel was stationed at the entrance of Shields Middle School on the north side of 19th Avenue NE in Ruskin, Florida. Himmel was driving his marked HSCO vehicle that was

1

equipped with lights and sirens. While parked, Himmel observed a black Chevrolet Corvette pass him at approximately 100 mph. Himmel pulled out on to 19th Avenue and headed east in pursuit of the Corvette. Himmel observed the Corvette stationary in the middle of the two lanes of Cypress Creek Boulevard near the intersection with 19th Avenue. Himmel pulled behind the Corvette and activated his lights and sirens. In response, the Corvette did a burnout and accelerated north on Cypress Creek Blvd. After hearing a crash, Himmel located the Corvette, which had collided with two parked vehicles in the driveway of a residence located at 15401 Broad Brush Drive.

Himmel took the driver of the Corvette, Shmar Gentle, into custody and looked into the open driver's door. Inside, on the driver's seat, Himmel observed a loaded firearm.

### III.    PRESENTENCE REPORT

On September 30, 2025, United States Probation issued its Presentence Investigation Report ("PSR"). Doc. 54. Probation has determined that Gentle has a base offense level of 14. Doc. 54, ¶ 12. Probation applied a two-levele enhancement for reckless creating a substantial risk of death or serious bodily injury while fleeing from a law enforcement officer. *Id.*, ¶ 16. The Total Offense Level is 13. *Id.*, ¶ 21. Gentle's criminal history category is VI based on

his 13 criminal history points. *Id.*, ¶¶ 24-35. The guidelines range in this case is 33-41 months. *Id.*, ¶ 66.

## IV.    DEFENDANT'S OBJECTIONS

Gentle objects to the application of the reckless endangerment during flight enhancement, arguing that Gentle was just speeding, not fleeing from law enforcement.

Per U.S.S.G. §3C1.2, a two-level increase applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." "'Reckless' is defined as 'a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation.'" *United States v. Washington*, 434 F.3d 1265, 1267-68 (11th Cir. 2006). "Driving a car at high speed in an area where people are likely to be found constitutes reckless disregard for others' safety." *Id.* at 1268 (quoting *United States v. Gonzalez*, 71 F.3d 819, 836-37 (11th Cir. 1996), overruled on other grounds by *Arizona v. Gant*, 556 U.S. 332 (2009)).

At sentencing, Corporal Himmel will testify to the circumstances leading up to the arrest of Gentle, including the fact that Gentle fled north on

3

Cypress Creek Blvd. after Himmel activated his lights and sirens. Moreover, the flight and crash occurred in a residential neighborhood, as shown from the below screengrab from Corp. Himmel's bodycam.



Because Gentle was fleeing from Corporal Himmel at a high rate of speed in an area where people were likely to be found, Probation correctly applied § 3C1.2.

In his sentencing memorandum, Gentle requests a downward departure under U.S.S.G. §5K2.23, arguing that "[t]he state court case that led to the most recent state court arrest (arrest on violation of probation) is relevant conduct to the instant federal offense." Gentle is wrong.

Gentle pled no contest to aggravated fleeing to elude and driving with license canceled, suspended, or revoked in Hillsborough County on August 10, 2022. Ex. A. Plea form. That same day, the Honorable Lyann Goudie

sentenced Gentle to one year of community control followed by 2 years of probation. Ex. B Order of Community Control. *Nine months later*, in Flagler County, Gentle was arrested on a violation of probation warrant arising out of his Hillsborough County conviction. Ex. C Flagler County Charging Affidavit. At the time of his arrest, Gentle was found in possession of methamphetamine, amphetamine, cocaine, other controlled substances, a scale, and sandwich baggies. As reflected in paragraph 33 of the PSR, Gentle pled no contest to charges that stemmed from his arrest in Flager County.

This unrelated narcotics conduct that occurred nine months after the conduct underlying this case has not been included as relevant conduct in the PSR by Probation. Nor has Gentle explained how the that conduct fits within the definition of relevant conduct in §1B1.3. The Court should decline the defendant's invitation to credit him for time served on an unrelated case.

## V.    18 U.S.C. § 3553(a) FACTORS

The United States requests that the Court impose a 37-month term of imprisonment in this case. Despite being only 28 years old, Gentle has earned 13 criminal history points. Since 2016 he has been convicted of fleeing or resisting law enforcement five separate times. And within months of being put on probation for the aggravated fleeing conviction that he received from Hillsborough County related to this case he was found with a veritable

5

pharmacy's worth of illegal drugs. Gentle has not been deterred by his prior interactions with the judicial system. If anything, his conduct has been escalating.

A 37-month sentence will promote respect for the law, deter criminal conduct, and protect the community.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  /s/ David P. Sullivan
     David P. Sullivan
     Assistant United States Attorney
     Florida Bar No. 0111166
     400 N. Tampa Street, Suite 3200
     Tampa, Florida 33602-4798
     Telephone:  (813) 274-6000
     Facsimile:  (813) 274-6358
     E-mail: David.Sullivan3@usdoj.gov

6

**U.S. v. GENTLE**                         **Case No. 8:24-cr-244-TPB-TGW**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 7, 2025, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which

will send a notice of electronic filing to counsel of record.

<u>/s/ David P. Sullivan</u>
David P. Sullivan
Assistant United States Attorney
Florida Bar No. 0111166
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:     (813) 274-6358
E-mail: David.Sullivan3@usdoj.gov